CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED for file

JAN 29 2015

JULIA C. DUDLEY, CLERK
BY: HMcDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

**ARTHUR LEWIS,**
    Petitioner,

Civil Action No. 7:15-cv-00004

v.

**MEMORANDUM OPINION**

**THE COMMONWEALTH OF VIRGINIA,**
    Respondent.

By:   Hon. Jackson L. Kiser
       Senior United States District Judge

Arthur Lewis, proceeding pro se, filed a petition for a writ of habeas corpus to challenge the criminal judgment entered by the Circuit Court of Martinsville on June 9, 1998, ordering him to pay approximately $1,300 in costs and to serve thirteen years' incarceration and three years' supervised release. In response to a similar petition that Petitioner filed in this court in Lewis v. Pritchett, No. 7:14-cv-00146, the court ordered Petitioner to explain how he was in the custody of a state official, Petitioner subsequently acknowledged that he was no longer incarcerated or under supervised release, and I dismissed the petition for lack of jurisdiction. The present petition also does not establish custody.

Section 2254 habeas relief is available only to a person who is "in custody . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "The Supreme Court has construed this provision to be jurisdictional and to require that the habeas petitioner be in custody under the conviction or sentence under attack at the time his petition is filed." Wilson v. Flaherty, 689 F.3d 332, 336 (4th Cir. 2012) (internal quotation marks omitted). Despite the prior notice, Petitioner again fails to establish how the judgment from the Circuit Court of Martinsville subjects him to an actual or imminent restraint on his liberty. See, e.g., Jones v. Cunningham, 371 U.S. 236, 242-43 (1963); Tinder v. Paula, 725 F.2d 801, 803 (1st Cir. 1984). Accordingly, the jurisdictional requirement of 28 U.S.C. § 2254 is still not satisfied, and

the petition is dismissed without prejudice, pursuant to Rule 4 of the Rules Governing § 2254 Cases. Based upon my finding that Petitioner has not made the requisite substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

ENTER: This 29th day of January, 2015.

/s/ Jackson L. Kiser
Senior United States District Judge